# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JONATHAN BRUECKEL, #738551,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **SA-24-CV-01313-XR** |
| | § | |
| **SHERIFF JAVIER SALAZAR and** | § | |
| **BEXAR COUNTY ADULT DETENTION** | § | |
| **CENTER MEDICAL STAFF (NURSES &** | § | |
| **DOCTORS),** | § | |
| | § | |
| **Defendants.** | § | |

## SHOW CAUSE ORDER

Before the Court is *pro se* Plaintiff Jonathan Brueckel's 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Brueckel is proceeding *in forma pauperis* ("IFP"). Upon review, the Court finds Brueckel's Complaint deficient. (*Id.*). Therefore, the Court orders Brueckel to file an amended complaint curing, to the extent possible, the Complaint's legal deficiencies, which are described below.

## BACKGROUND

Brueckel's Complaint, as well as Bexar County records, show that when he filed this matter he was confined in the Bexar County Adult Detention Center ("BCADC"). (ECF No. 1); *see* Jail View (last visited Nov. 18, 2024). Brueckel appears to contend his civil rights have been violated based on a lack of medical attention, but his Complaint is less than clear as to the particular medical needs involved, the applicable date or dates, or the Defendants responsible. (ECF No. 1). As relief, Brueckel seeks medical treatment and monetary damages. (*Id.*).

APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

DEFICIENCIES IN BRUECKEL'S COMPLAINT

**A.  Vague, Conclusory Allegations and Unidentified Defendants**

To state a viable claim, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that "[f]actual allegations must be enough to raise a right to relief above the speculative level;" "labels and conclusions … will not do." *Twombly*, 550 U.S. at 555–56, 570; *see* FED. R. CIV. P. 8(a) (stating pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). Under the notice pleading requirement for a federal lawsuit, Brueckel is required, among other things, to: (1) state the acts or omissions committed by those he claims caused him damage; and (2) identify the constitutional provisions allegedly violated by those acts or omissions. *See* FED. R. CIV. P. 8(a).

Although his Complaint is difficult to decipher, Brueckel appears to contend he suffered an injury resulting in a hernia and an injury involving hot water resulting in burns on his leg. (ECF No. 1). He seems to claim that he has been denied medical treatment for these injuries, though he fails to identify those who allegedly denied him treatment other than by the generic phrase of "Bexar County Adult Detention Center Medical Staff (Nurses & Doctors)." (*Id.*). It is also unclear when these alleged injuries occurred or when treatment was allegedly denied. (*Id.*).

Because of the vague nature of the Complaint, the Court cannot accurately determine who Brueckel claims violated his civil rights, what particular acts or omissions were committed, or the dates upon which the alleged violations occurred. (*Id.*). Accordingly, to avoid dismissal Brueckel must replead his allegations by:

> (1) identifying each defendant against whom relief is sought *by name or sufficient description*—physical description, gender, rank, shift, date and time of event, etc. Brueckel may not comply by using a generic description such as "medical staff," "nurse," "doctor," etc.;

3

     (2) stating the specific acts or omissions he contends *each* named defendant committed by stating with particularity each act or omission and which defendant committed it, supporting each claim with proper and sufficient factual allegations to raise a right to relief above the speculative level;

     (3) stating the date upon which each alleged constitutional violation occurred; and

     (4) stating the constitutional amendment allegedly violated by each act or omission committed by each named defendant, for example, First Amendment, Fourth Amendment, Eighth Amendment, etc., or describing the right allegedly violated.

In sum, Brueckel must sufficiently identify each defendant he contends violated his civil rights. Brueckel must also be specific as to the acts or omissions allegedly committed by each identified defendant and should not combine any act or omission with any other act or omission. He should also provide the date or dates of each alleged violation. If Brueckel fails to sufficiently replead as required by this Show Cause Order, his claims are subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(ii), 1915A(b)(1).

### B. No Individual Acts—Sheriff Salazar

     To state a § 1983 claim against a defendant, a plaintiff must allege the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under § 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish

that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'").

Brueckel has not alleged the Sheriff was personally involved in any alleged constitutional violation or that he was responsible for a policy or custom that gave rise to any alleged constitutional deprivation. (ECF No. 1). In fact, as to the Sheriff, Brueckel merely uses the phrases "illegal detention" and "lack of medical attention." (*Id.*). In the absence of allegations that a defendant was personally involved in the alleged constitutional violation or responsible for a policy or custom that gave rise to such constitutional deprivation, a plaintiff fails to state a claim upon which relief may be granted against that defendant. *See Alderson*, 848 F.3d at 420; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Therefore, to avoid dismissal, Brueckel must file an amended complaint that includes allegations against the Sheriff showing he was either personally involved in the alleged constitutional violations or was responsible for a specific policy or custom that gave rise to the violation. *See Alderson*, 848 F.3d at 420. In the absence of such allegations, Brueckel's claims against the Sheriff are subject to dismissal. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

To the extent Brueckel intended to name Bexar County as a defendant by naming the Sheriff as a defendant, the Court also finds his Complaint deficient. (ECF No. 1). To establish liability on the part of a county, a plaintiff must demonstrate a policy or custom that caused the alleged constitutional deprivation. *Bd. of Cnty. Comm'rs Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Brueckel fails to allege Bexar County has a policy or custom relating to any constitutional deprivation. (ECF No. 1); *see Brown*, 520 U.S. at 403–04 (1997); *Monell*, 436 U.S. at 690–91.

Accordingly, in any amended complaint, if Brueckel intends to assert a § 1983 claim against Bexar County, he should: (1) name the County as a defendant; and (2) provide details and specific facts that would support a claim that the County was responsible for unconstitutional customs, practices, or policies that were the moving force behind the constitutional violations that harmed or injured him. *See Brown*, 520 U.S. at 403–04 (1997); *Monell*, 436 U.S. at 690–91.

### C.  Non–Jural Entity—BCADC

The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Thus, Texas law governs this question. *Id.* The Fifth Circuit holds that to be subject to suit, a department or office must "enjoy a separate legal existence." *Barrie v. Nueces Cnty. District Attorney's Office*, 753 F. App'x 260, 264 (5th Cir. 2018) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)); *Estate of Schroeder v. Gillespie Cnty.*, 23 F. Supp.3d 775, 781 (W.D. Tex. 2014) (same). A separate legal existence is created only when the political entity that created the department or office has taken "'explicit steps to grant the servient agency with jural authority.'" *Barrie*, 753 F. App'x at 264; *Estate of Schroeder*, 23 F. Supp.3d at 781. In the absence of jural authority, the servient department, agency, or office lacks the capacity to be sued. *See Barrie*, 753 F. App'x at 264; *Estate of Schroeder*, 23 F. Supp.3d at 781. Texas federal courts have consistently held jails and detention centers lack a separate jural existence and are therefore, not subject to suit. *See, e.g., Moore v. City of Pris Police Dep't*, No. 4:22-CV-323, 2024 WL 4273610, at *3 (E.D. Tex. Aug. 30, 2024), *report & recommendation adopted*, 2024 WL 4273610 (E.D. Tex. Sept. 23, 2024); *Martinez v. El Paso Cnty. Detention Facility*, No. EP-22-CV-00350-DCG, 2023 WL 3010202, at * (W.D. Tex. Apr. 19, 2023); *Connelly v. Nueces Cnty. Jail*, No. 2:22-CV-00207, 2023 WL 2938521, at *5 (S.D. Tex.

Mar. 6, 2023), *report & recommendation adopted*, 2023 WL 2938290 (S.D. Apr. 13, 2023); *Aguiar v. Whiteley*, No. SA-15-CV-14-DAE(HWB), 2016 WL 502199, at *1 n.1. (W.D. Tex. Feb. 8, 2016).

This Court has specifically recognized that final Bexar County policymakers have not authorized the BCADC to enjoy a jural existence separate and apart from Bexar County, Texas. *See Aguiar*, 2016 WL 502199, at *1 n.1; *Brown v. Bexar Cnty. Hosp. Dist.*, No. SA-15-CA-123, 2015 WL 3971388, at *1, n.1 (W.D. Tex. June 30, 2015). It is unclear whether Brueckel intends to sue the BCADC or just members of its medical staff. (ECF No. 1). However, to the extent he intended to sue the BCADC itself, such a claim is improper under § 1983.

### D. *Deliberate Indifference to Serious Medical Needs*

Brueckel appears to assert constitutional violations based on deliberate indifference to his serious medical needs based on hernia and burn injuries. (ECF No. 1). He provides little more than a description of his injuries and a generic claim of "lack of medical attention." (*Id.*). As noted above, Brueckel fails to link these alleged constitutional violations to any particular defendant, generically referring to "Medical Staff" and "Nurses & Doctors." (*Id.*). He also fails to support these claims with sufficient factual allegations to state a claim upon which relief may be granted. (*Id.*).

To the extent Brueckel asserts deliberate indifference to serious medical needs, his claim falls under the Fourteenth Amendment. *See Tiede v. Salazar*, 518 F. Supp.3d 955, 970 (W.D. Tex. 2021). Regarding a pretrial detainee's claim of inadequate medical treatment, a jail official violates the Fourteenth Amendment when he or she acts with deliberate indifference to an inmate's serious medical needs. *See id.* 518 F. Supp.3d 955, 970 (W.D. Tex. 2021); *see also Domino v. Tex. Dep't*

*of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001) (discussing deliberate indifference to medical needs in context of Eighth Amendment). "Deliberate indifference" is an extremely difficult standard to meet. *Domino*, 239 F.3d at 756. A plaintiff must show a serious medical need and that an official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "[F]acts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction." *Johnson*, 759 F.2d at 1238. An inadvertent failure to provide medical care is insufficient to state a claim. *Id.* In sum, allegations of mere negligence or medical malpractice do not state an actionable § 1983 claim. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The Court finds Brueckel has failed to sufficiently allege a claim based on deliberate indifference to his serious medical needs. As noted, Brueckel states nothing more than a "lack of medical attention." (ECF No. 1). He does not identify particular medical personnel who denied him treatment and does not allege how such actions evinced a wanton disregard for his serious medical needs. (*Id.*); *see Johnson*, 759 F.2d at 1238; *Thompson*, 709 F.2d at 382. Accordingly, in response to this Show Cause Order, and to the extent he intends to assert a constitutional claim based on a violation of the Fourteenth Amendment grounded on deliberate indifference to his serious medical needs, Brueckel must file an amended complaint, with sufficient factual support, that properly alleges such claim. If he fails to adequately replead, this claim is subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### E.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") was enacted to reduce the number of prisoner suits by weeding out unmeritorious claims. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). One of the ways the PLRA seeks to accomplish this goal is through a robust exhaustion requirement. *Id.* at 84–85. Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *Woodford*, 548 U.S. at 85. Exhaustion is not defined by the PLRA; rather, it is defined by the particular prison's grievance procedures, and courts may not add or subtract from them. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015). Section 1997e(a)'s "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Where an inmate fails to exhaust his administrative remedies prior to bringing suit, the claim may be "dismissed with prejudice for purposes of proceeding [*in forma pauperis*]" when the issue is affirmatively raised and established by a defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *overruled in part on other grounds*, *Gonzalez v. Seal*, 702 F.3d 785, 787–88 (5th Cir. 2012).

The Fifth Circuit takes a strict approach to exhaustion. *Id.* at 268. Exhaustion must be completed before suit; it may not be excused even if it occurs while the suit is pending. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Substantial compliance is insufficient; prisoners must

properly exhaust all available remedies by, among other things, complying with deadlines and procedural rules. *See Dillon*, 596 F.3d at 268.

The BCADC has a two–step inmate grievance procedure. *Williams v. Bexar County, et al.*, No. 22-50289, 2024 WL 3326082, at *7 (5th Cir. July 8, 2024). An inmate must file his initial grievance within seventy–two (72) hours of the incident forming the basis of his § 1983 suit. *Id.* The inmate then has seventy–two hours after receiving a response to appeal to the jail administrator if he is not satisfied with the response to the grievance. *Id.* Both steps must be satisfied for an inmate to have exhausted his administrative remedies. *See Bonner v. Alford*, 594 F. App'x 266, 267 (5th Cir. 2015) (holding inmate failed to exhaust administrative remedies where he did not satisfy both steps of jail's grievance process); *Hampton v. Pamerleau*, No. SA-14-CV-806-XR, 2015 WL 4953085, at *4 (W.D. Tex. Aug. 18, 2015) (citing *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (holding inmate must pursue both steps of grievance procedure to satisfy exhaustion)).

**Brueckel is advised that if he did not exhaust both steps of the grievance procedure prior to filing suit with respect to each claim alleged, his suit is subject to dismissal with prejudice for failure to exhaust administrative remedies once properly raised and proved by any Defendant. If Brueckel did not fully exhaust his administrative remedies prior to filing this suit, in response to this Order, he may file a Notice of Voluntary Dismissal, advising the Court of his intent to voluntarily dismiss this suit to avoid a subsequent dismissal with prejudice and a strike based thereon. Accumulation of three strikes will preclude Brueckel from proceeding IFP in any future civil matter in the absence of a showing of imminent serious bodily injury. *See* 28 U.S.C. § 1915(g).**

### RIGHT TO AMEND

Before dismissal of his Complaint, Brueckel is entitled to amend to attempt to cure any deficiencies. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). If Brueckel fails to amend his Complaint in accordance with this Show Cause Order, the Complaint or deficient claims may be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

**IT IS THEREFORE ORDERED** that **within thirty (30) days of the date of this Order**, Brueckel must show cause why his Complaint or the deficient § 1983 claims within should not be dismissed by filing an amended complaint. Brueckel's amended complaint should not exceed twenty (20) pages. Further, Brueckel should present his amended claims by using the § 1983 complaint form provided by the Clerk of Court. **The Clerk of Court is directed to provide Brueckel with a copy of the § 1983 form.**

Brueckel is advised that any amended complaint will supersede his original complaint. Thus, Brueckel should include all defendants, allegations, and claims for relief in his amended complaint without reference to his original complaint.

If Brueckel fails to comply with this Order, his Complaint can be dismissed without further action for failure to prosecute and failure to comply with this Order. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

11

**SIGNED** this 18th day of November, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE